IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

William Dale Allen, Sr., #178666,        )
                                         )
                    Petitioner,          )        C.A. No. 4:02-3328-HMH
                                         )
        vs.                              )        **OPINION & ORDER**
                                         )
Stanley B. Burt, Jr., Warden of          )
Lieber Correctional Institution; and     )
Henry D. McMaster[1], Attorney General   )
of South Carolina,                       )
                                         )
                    Respondents.         )

This matter is before the court with the Report and Recommendation of United States

Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and

Local Civil Rule 73.02 of the District of South Carolina.[2]  On February 9, 2007, this case was

assigned to the undersigned, and the file was received on February 13, 2007.  William Dale

Allen ("Allen") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. §

2254.  In his Report and Recommendation, Magistrate Judge Rogers recommends granting the

Respondents' motion for summary judgment.

---

[1] On November 5, 2002, Henry McMaster ("McMaster") was elected Attorney
General for the State of South Carolina.  Therefore, McMaster is substituted for Charles M.
Condon pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2] The recommendation has no presumptive weight, and the responsibility for making a
final determination remains with the United States District Court.  See Mathews v. Weber,
423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of
those portions of the Report and Recommendation to which specific objection is made.  The
court may accept, reject, or modify, in whole or in part, the recommendation made by the
magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

# I. FACTUAL AND PROCEDURAL BACKGROUND

Allen is currently incarcerated at the Lieber Correctional Institution in Ridgeville, South Carolina.  On January 14, 1991, Allen was indicted for one count of murder by the Orangeburg County Grand Jury.  (PCR Appendix 805.)  On July 13, 1991, a jury convicted Allen of murder at the conclusion of the guilt stage of a bifurcated death penalty trial ("Orangeburg Conviction").  (Id. 591.)  After the conviction, but prior to the start of the penalty phase, Allen agreed to admit the existence of an aggravating circumstance, and agreed to assist the State in the prosecution of an unrelated murder that occurred in Hampton County.  (Id. 597-607.)  As a result of Allen's agreement with the State, the trial court sentenced Allen to life imprisonment.  (Id. 608.)  Allen did not appeal his conviction and sentence.

On the same day Allen entered into the agreement regarding the Orangeburg Conviction, Allen was arrested for his role in the Hampton County murder.  In October 1991, the Hampton County Grand Jury indicted Allen for accessory before and accessory after the fact to murder.  (Id. 800, 803.)  On October 23, 1991, Allen pled guilty to the accessory charges in the indictment ("Hampton Conviction").  (PCR Appendix 801.)  Allen was sentenced to ten (10) years for accessory before the fact and five (5) years for accessory after the fact, both sentences to run concurrently to his life sentence resulting from the Orangeburg Conviction.  (Id. 799, 802.)  Allen filed a notice of appeal.  However, the South Carolina Supreme Court dismissed Allen's appeal for failure to file an initial brief and failure to designate material to be included in the record on appeal.

On April 25, 1995, Allen filed an Application for Post-Conviction Relief ("PCR") in the First Circuit Court of Common Pleas in Orangeburg County, South Carolina, regarding

2

his Orangeburg Conviction.  (Id. 788.)  He asserted that he was denied the right to appeal.

(Id. 789.)  On March 10, 1998, Allen filed an amended application asserting denial of the

right to appeal and ineffective assistance of counsel.  (Id.)  The court dismissed Allen's

application on April 10, 2000.

Allen timely filed a notice of appeal.  On March 2, 2001, Allen's attorney, Wanda H.

Haile ("Haile"), filed a Petition for Writ of Certiorari pursuant to Johnson v. State, 364

S.E.2d 201 (1988), and moved to be relieved as counsel.  The issues raised on appeal were

stated as follows:

1.    The post-conviction relief court erred in denying petitioner's allegation
      that he did not voluntarily and intelligently waive his right to a direct
      appeal in the case.

2.    Trial counsel erred in failing to object to a certain derogatory reference
      made by the solicitor during closing arguments.

3.    Trial counsel was ineffective in failing to object to the trial court's
      reasonable doubt instructions.

In an order dated October 10, 2001, the South Carolina Supreme Court denied

certiorari and granted Haile's request to be relieved.  Allen filed the instant petition pursuant

to § 2254 on October 15, 2002.

In his petition, Allen raises four grounds for relief: (1) "Petitioner was denied the

effective assistance of trial counsel and appellate counsel;" (2) "Trial counsel was ineffective

in failing to object to a certain derogatory reference made by the solicitors [sic] during the

closing arguments;" (3) "Trial counsel was ineffective in failing to object to the trial court's

reasonable doubt instruction;" and (4) "Petitioner was denied the effective assistance of trial

3

counsel and appellate counsel on the issue of conflict of interest raised and ruled on by the

S.C. courts." (Allen's § 2254 Pet. 5-7.)

## II. REPORT AND RECOMMENDATION

The Magistrate Judge recommended granting the Respondents' motion for summary

judgment because Allen failed to meet the burden of demonstrating that his counsel's

performance was ineffective. (Report and Recommendation 25.) In support of this

conclusion, the Magistrate Judge noted that Allen had put forth insufficient evidence to

establish that his trial counsel acted unreasonably by failing to object to the trial court's

reasonable doubt instruction and to the solicitor's allegedly derogatory reference. (Id. 14.) In

addition, the Magistrate Judge found that Allen had not shown the existence of a genuine issue

of material fact in regards to the conflict of interest issue. (Id. 14-15.) Finally, the

Magistrate Judge found that Allen could not demonstrate that his trial counsel acted

unreasonably by failing to file an appeal, and that even if Allen's trial attorney was deficient

for failing to consult with him regarding an appeal, Allen could not show prejudice. (Id. 24-

25.)

## III. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is

no genuine issue as to any material fact and that the moving party is entitled to a judgment as

a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment

"against a party who fails to make a showing sufficient to establish the existence of an element

4

essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). With respect to this burden, "it is the responsibility of the [nonmovant], not the court, to identify with particularity the evidentiary facts existing in the record which can oppose the [movant's] summary judgment motion." Malina v. Baltimore Gas & Elec. Co., 18 F. Supp. 2d 596, 604 (D. Md. 1998).

**B. Standard of Review in a § 2254 Petition**

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim –

5

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," Allen has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'[A] federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)). Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Humphries, 397 F.3d at 216 (quoting Williams, 529 U.S. at 410)). "Thus, to grant [Allen's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

### C. Objections to the Report and Recommendation

Allen filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the

6

Magistrate Judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Allen's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims.  However, the court was able to glean four specific objections. First, Allen objects to the Magistrate Judge's finding that he has not met his burden of proof for ineffective assistance of trial counsel on the grounds that his trial counsel failed to object to the solicitor's derogatory remark and to the reasonable doubt instructions.  (Objections 1.) Second, Allen asserts that the Magistrate Judge "overlooked the fact that the trial court was without subject matter jurisdiction to try this matter."  (Id. 4.)  Third, Allen asserts that the Magistrate Judge "overlooked" the fact that he "has also been denied a full fair hearing at the state level because his PCR attorney Harry Devoe fraudulently allowed an unlicensed inmate ghost write brief which Mr. Devoe signed and submitted to the court's."  (Id. 6.)  Fourth, Allen objects to the Magistrate Judge's conclusion that Allen's trial counsel did not render ineffective assistance by failing to file a direct appeal.  (Id. 9.)

### 1.  Ineffective Assistance of Counsel

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Allen must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness, and (2) that he was prejudiced by his counsel's deficient performance.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.  With respect to the second prong, Allen

must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

### a. Solicitor's Derogatory Comment

Allen asserts that his trial counsel, Richard Breibart ("Breibart"), rendered ineffective assistance of counsel for failing to object to a "derogatory reference made by the solicitor during the closing arguments" and for "failing to object to the trial court's reasonable doubt instruction." (Allen's § 2254 Pet. 5-6.) In the Report and Recommendation, Magistrate Judge Rogers found that Allen had "simply put forth insufficient evidence to show that his counsel was ineffective in representing him." (Report and Recommendation 14.) In addition, the Magistrate Judge found that the PCR court's rejection of the same claims "did not result in an unreasonable application of Strickland and was not based upon an unreasonable determination of facts in light of the state court record." (Id.)

In his objections, Allen asserts that he "has met his burden of proof for ineffective assistance of trial counsel." (Objections 2.) However, Allen does not put forth any arguments demonstrating that Breibart rendered ineffective assistance on these grounds. Instead, Allen asserts that although he did not enter a guilty plea for murder, "the South Carolina court[s] all reviewed his [ineffective assistance of counsel] claims under the standard set forth for guilty pleas." (Id. 1.) Thus, Allen argues that "[a]ll the South Carolina court reviews were based upon the incorrect standard of review for ineffective counsel." (Id. 2.)

Allen contends that he was denied effective assistance of counsel when Breibart did not object to the following statement made by the solicitor during closing arguments:

8

> . . . [B]ecause let me tell you something, we are talking about scum. We aren't talking about the deacons in the Baptist Church. We are talking about flat trash, ladies and gentlemen. I'm talking about – you heard the testimony. They are the Southern Mafia, I think somebody called them.

(PCR Appendix 527.) Allen asserts that the solicitor's remarks were highly prejudicial and portrayed him to the jury in a negative light. In response to this allegation, Breibart testified that although there was no evidence in the record that Allen was a member of the Southern Mafia, Breibart did not object to the solicitor's statement because he did not think it was inflammatory and/or prejudicial enough to warrant a new trial or its use as an issue on appeal. (Id. 725.) The PCR court found that, even assuming the solicitor's remarks were improper, Allen was not prejudiced because the trial court instructed the jury to consider only evidence presented during the trial, and that the attorney's arguments were not evidence. (Id. 793.)

The court agrees with the Magistrate Judge that Allen fails to demonstrate that Breibart's failure to object to the solicitor's remark constituted ineffective assistance of counsel. In determining whether a prosecutor's remarks deprived the defendant of a fair trial, "the relevant question . . . is whether the prosecutor's comments so *infected the trial with unfairness as to make the resulting conviction a denial of due process*." State v. Tubbs, 509 S.E.2d 815, 817 (S.C. 1999) (internal quotation marks omitted). Under this standard, Allen fails to demonstrate that the solicitor's isolated remark in his closing arguments "infect[ed] the entire trial with unfairness as to deprive Defendant due process of law." Id. at 818. Thus, Allen fails to demonstrate that Breibart's decision not to object to the solicitor's remark fell below an objective standard of reasonableness or that his decision prejudiced Allen. Further, the PCR court's finding that the trial court's instructions to the jury cured any improper

9

statement by the solicitor was not based upon an unreasonable determination of facts.

Therefore, Allen's claim that Breibart rendered ineffective assistance by failing to object to

the solicitor's remark is without merit.

### b. Reasonable Doubt Instructions

Allen contends that Breibart rendered ineffective assistance of counsel by failing to

object to the trial court's reasonable doubt instructions.  At trial, the state court judge charged

as follows:

> Well, what's a reasonable doubt?  Ladies and Gentlemen, I can't define for you
> what a reasonable doubt is in your mind.  I can't do that.  We know it's not
> some imaginary or fanciful doubt, but a reasonable doubt is simply a doubt that
> you find to be reasonable, and it could come about because of something that's
> in the evidence or because of the absence of something in the evidence.  And
> that's simply left up to you in your consideration and your determination.

(PCR Appendix 575-76.)

> When it comes to circumstantial evidence, though, and because it is what we
> call indirect evidence, the law says that it has to be held to a certain test.  To the
> extent the state relies on it, the state has to prove all of those circumstances
> relied on beyond a reasonable doubt.  That's step number one.  Then, those
> circumstances have to be wholly and in every particular consistent with each
> other.  Those circumstances or events have to be wholly and in every particular
> consistent.  And then they have to point conclusively.  That is, to a moral
> certainty to the guilt of the accused to the exclusion of any reasonable
> conclusion.

(Id. 579-80.)  Allen asserts that Breibart should have objected to the reasonable doubt

instructions based on the inclusion of the phrase "moral certainty."  (Allen's § 2254 Pet. 6.)

Breibart did not object to the trial court's reasonable doubt instructions.  He testified at

Allen's PCR hearing that he was satisfied with the judge's instructions on reasonable doubt.

(Id. 727.)  Breibart further testified that it did not concern him that the trial judge used the

10

phrase "moral certainty" in the instruction, and that he viewed "moral certainty" as stronger than reasonable doubt.  (Id. 728.)

Despite Allen's assertions, an attorney in Breibart's position could have reasonably concluded that the trial judge's instruction on reasonable doubt was not objectionable. Reasonable doubt has been defined as "not an imaginary or fanciful doubt; it is a substantial doubt.  It is a doubt which the words imply; a doubt for which [a juror] can give or assign a reason based on the testimony and the evidence in the case." Singletary v. State, 316 S.E.2d 369, 370 (S.C. 1984) (emphasis omitted).  In light of this definition, Breibart could have reasonably decided that the trial court's reasonable doubt instructions were proper.  Further, at the time of Allen's trial, although the United States Supreme Court had questioned the use of the phrase "moral certainty" in reasonable doubt instructions, it had not ruled that the phrase, in isolation, rendered reasonable doubt instructions unconstitutional. Cage v. Louisiana, 498 U.S. 39, 41 (1990), overruled on other grounds by Estelle v. McGuire, 502 U.S. 62 (1991).  A fair assessment of attorney performance requires that the reviewing court reconstruct the circumstances of counsel's challenged conduct and evaluate the conduct from counsel's perspective at the time of trial.  Strickland, 466 U.S. at 689.  As such, Breibart's failure to object to the reasonable doubt instruction did not amount to a failure or an unreasonable act or omission on the part of counsel.  Based on the foregoing, Allen's allegation of ineffective assistance of counsel on this ground is without merit.

### c.  Direct Appeal

Allen contends Breibart rendered ineffective assistance of counsel by failing to file a notice of appeal and for failing to fully consult with him about an appeal.  (Allen's § 2254

11

Pet. 5.)  The PCR court ruled on this issue after holding a hearing at which Breibart and Allen

testified.  The PCR court found as follows:

> During the PCR hearing, [Allen] testified he asked counsel to file an appeal
> from the guilty plea.  Likewise, [Allen's] mother and sister testified that [Allen]
> requested an appeal.  On the other hand, counsel testified he and [Allen]
> discussed the right to appeal.  However, [Allen] never requested an appeal and
> counsel did not advise he would file notice.

> This Court finds counsel's testimony concerning the appeal is credible.  Upon
> review of the record and testimony of witnesses from both the State and the
> Applicant, this Court finds the Applicant voluntarily and knowingly waived the
> right [to] appeal.

(PCR Appendix 790-91.)

    In the absence of a direct instruction from the defendant to appeal, the question of

whether counsel's failure to appeal is constitutionally deficient depends upon "whether

counsel in fact consulted with the defendant about an appeal."  Roe v. Flores-Ortega, 528

U.S. 470, 478 (1999).  "Consult" means "advising the defendant about the advantages and

disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's

wishes."  Id.  If counsel has consulted with the defendant, the failure to file an appeal is

deficient only if it contradicts the defendant's instruction to appeal.  See id.  If, on the other

hand, counsel has failed to consult, the court must consider whether this failure constitutes

deficient performance.  See id.

    As set forth above, Breibart negotiated an agreement for Allen after he was convicted

by a jury of murder, but before he was sentenced.  (PCR Appendix 597-603.)  Pursuant to the

agreement, Allen agreed to cooperate with the State regarding a separate murder in Hampton

County.  (Id. 597-98.)  In addition, Allen admitted to an aggravating circumstance in the

12

Orangeburg County murder of which he was found guilty and waived his right to have a jury decide his sentence.  (Id. 598.)  In return, the State withdrew its demand to seek the death penalty, and the court sentenced Allen to imprisonment for life, with parole eligibility after thirty (30) years.  (Id. 598, 600, 608.)

The court questioned Allen to ensure he knowingly and willingly consented to the agreement with the State.  (Id. 600-602.)  Subsequently, Allen admitted, under oath, to committing the Orangeburg County murder.  (PCR Appendix 605-07.)  In addition, Allen admitted to the aggravating circumstances of robbery while armed with a deadly weapon and larceny with use of a deadly weapon.  (Id.)

At Allen's PCR hearing, Breibart testified that Allen never asked him to file an appeal and that he never told Allen that he would file an appeal.  (Id. 689.)  In addition, Breibart testified that Allen asked him what effect his agreement with the State would have on an appeal.

As noted above, the PCR court found that Breibart's testimony that Allen did not ask him to appeal the Orangeburg Conviction was credible.  Credibility determinations, such as this one made by the PCR court, are factual determinations.  Wilson v. Ozmint, 352 F.3d 847, 858 (4th Cir. 2003).  "As such, they 'are presumed to be correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding.'" Id. (quoting Miller-El v. Cockrell, 537 U.S. 322, 340 (2003)).

13

The court finds no evidence that the PCR court's determination that Allen did not ask Breibart to appeal the Orangeburg Conviction was objectively unreasonable. Thus, the court must first determine whether Breibart consulted with Allen about an appeal. <u>Roe</u>, 528 U.S. at 478. The PCR court found that Breibart "discussed" with Allen the right to appeal. (PCR Appendix 790.) However, "consulting" requires "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." <u>Roe</u>, 528 U.S. at 478. Breibart testified that he "was asked by Mr. Allen about what he decided to do, what, if any, effect that would have upon an appeal." (PCR Appendix 689.) The court is unable to conclude from Breibart's testimony that he "consulted" with Allen regarding an appeal. Therefore, the court must determine whether Breibart's failure to consult with Allen regarding an appeal was constitutionally deficient.

The Sixth Amendment requires counsel to consult with the defendant regarding an appeal when counsel has reason to believe "either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." <u>Roe</u>, 528 U.S. at 480. The court finds that, under the circumstances surrounding Allen's Orangeburg Conviction, Breibart did not render ineffective assistance of counsel for failing to consult with Allen regarding an appeal. As Breibart testified, Allen admitted under oath and with great detail to committing the Orangeburg County murder. In addition, the court accepts the finding of the PCR court that Allen did not ask Breibart to appeal the Orangeburg Conviction or otherwise demonstrate an interest in appealing. Further, as discussed in this opinion, the court finds no nonfrivolous grounds for appealing the Orangeburg Conviction.

The lack of grounds for appeal was further demonstrated by the South Carolina Supreme Court's dismissal of Allen's appeal of the PCR court's ruling. Allen's appellate counsel filed a petition pursuant to Johnson v. State, 364 S.E.2d 201 (1988). The court dismissed Allen's appeal of the PCR court's ruling as frivolous and allowed counsel to withdraw. Therefore, the South Carolina Supreme Court's dismissal of Allen's PCR appeal as frivolous further demonstrates that no nonfrivolous grounds existed for appealing the Orangeburg Conviction. Given the absence of nonfrivolous grounds for appealing the Orangeburg Conviction and the circumstances of this case, in which Allen admitted to committing the Orangeburg County murder after being found guilty, the court finds that Breibart did not act unreasonably by failing to consult with Allen regarding an appeal.

In addition, Allen fails to demonstrate prejudice as a result of Breibart's failure. "To show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Roe, 528 U.S. at 484. "[E]vidence that there were nonfrivolous grounds for appeal or that the defendant in question promptly expressed a desire to appeal will often be highly relevant in making this determination." Id. at 485. As discussed above, the PCR court found that Allen did not ask Breibart to file an appeal, and there were no nonfrivolous grounds on which to appeal the Orangeburg Conviction. Therefore, Allen fails to demonstrate that "had the defendant received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal." Id. at 486. Based on the foregoing, Allen's ineffective assistance of counsel claim based on Breibart's failure to file a direct appeal is without merit.

15

## 2. Jurisdiction of Trial Court

Allen asserts that the Magistrate Judge failed to address his allegations that the trial court lacked jurisdiction to sentence him. Allen argues that the trial court lacked subject matter jurisdiction because the State amended the indictment without a written waiver from Allen. Allen contends that both Breibart and his PCR appellate counsel, Wanda H. Haile ("Haile"), were deficient for failing to raise the issue of the trial court's jurisdiction. This argument is without merit.

On January 14, 1991, Allen was indicted for murder. (PCR Appendix 805.) On July 13, 1991, the jury found Allen guilty of murder. (Id. 804.) Allen has presented no evidence that the indictment resulting in the Orangeburg Conviction was ever amended. Therefore, any claims based on Allen's allegations of an amendment of his indictment are without merit.

## 3. PCR Attorney

Allen contends that the Magistrate Judge overlooked his allegations regarding the deficient performance of Harry Devoe, the attorney who represented him during his PCR proceedings. However, "a challenge to . . . state habeas corpus proceedings, cannot provide a basis for federal habeas relief." Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998). Therefore, this objection is without merit.

Based on the foregoing, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Rogers' Report and Recommendation.

It is therefore

**ORDERED** that the Respondents' motion for summary judgment, docket number 8, is granted.

**IT IS SO ORDERED.**


s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
February 26, 2007

## NOTICE OF RIGHT TO APPEAL

The petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.